KELLY, Circuit Judge,
concurring in part and dissenting in part.
A defendant is guilty of violating § 1320a-7b(b)(l)(A) when he has solicited or received kickbacks '“in return for referring an individual to a person for the furnishing” of a service. Asserting that Iqbal has not disputed the district court’s interpretation of the statute, the court assumes without deciding that Iqbal violated the statute “if he solicited or received remuneration in return for causing or inducing the referral of patients to PCP.” But in my view, because Iqbal challenges the district court’s finding that he solicited or received kickbacks in exchange for “referring” patients, we must interpret that term’s meaning before we can determine whether sufficient evidence supports his convictions under the statute. See United States v. Gentry, 555 F.3d 659, 664 (8th Cir. 2009) (“When a sufficiency argument hinges oh the interpretation of a statute, we review the district court’s statutory interpretation de novo.”). Even if Iqbal concedes that § 1320a-7b(b)(l)(A) applies to a defendant who “causes” or “induces” a referral, we are not bound by a party’s concessions of law to decide a case based on a hypothetical legal standard. See U.S. Nat’l Bank of Or. v. Indep. Ins. Agents of Am., Inc., 508 U.S. 439, 447, 113 S.Ct. 2173, 124 L.Ed.2d 402 (1993) (“[A] court may consider an issue ‘antecedent to and’ultimately disposi-tive of the dispute before it, even an issue the parties fail to identify and brief.” (internal alteration omitted) (quoting Arcadia v. Ohio Power Co., 498 U.S. 73, 77, 111 S.Ct. 415, 112 L.Ed.2d 374 (1990))).
We have not previously defined referring in the context of § 1320a-7b(b)(l)(A). However, other circuits have, considered the meaning of “refer” under ánother subsection. of the same statute,- 42 U.S.C. § 1320a-7b(b)(2)(A), which- makes it a crime to offer remuneration to a person *633 “to induce such person ... to refer an individual ... for the furnishing” of a service. Those cases suggest that a person refers an individual for a service only when, as a practical matter, the person exercises decision-making control over the selection of the service provider. Compare United States v. Vernon, 723 F.3d 1234, 1245-46 (11th Cir. 2013) (patient advocate who was responsible for choosing where clients filled prescriptions referred clients to the defendant’s pharmacy), and United States v. Polin, 194 F.3d 863, 864-66 (7th Cir. 1999) (pacemaker sales representative who was responsible for selecting outside monitoring services, albeit only with a doctor’s authorization, referred patients to the defendants’ monitoring service), with United States v. Miles, 360 F.3d 472, 479-80 (5th Cir. 2004) (marketing firm did not refer patients to a- home health service where the firm distributed promotional materials to doctors’ offices on behalf of the service, but did not control the doctors’ selection of services).
Using this definition of referring, I would conclude that insufficient evidence supports Iqbal’s convictions for receiving kickbacks as charged in Counts Four and Five because the government failed to establish that he exercised decision-making control over Dr. Siddiqui’s or Dr. Bhutto’s referrals. With respect to Dr. Siddiqui, as the district court noted: “Although it is clear from the context that Iqbal had some relationship with, the doctor and was apparently providing some services to him, there is no evidence ... that he actually managed this doctor’s practice, as he had represented to PCP.” Similarly, with respect to Dr. Bhutto, the evidence establishes merely that Iqbal told Saeger to contact Dr. Bhutto’s staff for a referral— evidence which may demonstrate Iqbal had some type of relationship with Bhutto, but not that Iqbal exercised decision-making control over Dr. Bhutto’s referrals. However, I would affirm Iqbal’s conviction for soliciting kickbacks as charged in Count Three, because in my view, sufficient evidence supports the conclusion that at their March 16, 2011, meeting, Iqbal held himself out to Saeger as having the ability to make referrals in exchange for payment, regardless of his actual ability to do so. I would also' affirm Iqbal’s conviction for máking a false statement, for the reasons explained by the court. Accordingly, I concur in part and dissent in part from the court’s opinion.